State, Slack, pros., v. Palmer.

THE STATE, JOHN R. SLACK ET AL., PROSECUTORS, v. ELKANAH W. PALMER, COLLECTOR, &c.

1. It is essential to the validity of the certificate of the district clerk, under Section 86 of the school law, (*Rev.*, *p.* 789,) that it set forth that due notice has been given of the amount of money proposed to be raised at the district meeting.

2. Where a special meeting is called, it is also necessary that it appear by the certificate that the meeting was ordered by the trustees, pursuant to Subdivision 11 of Section 39 of the school law.

On *certiorari*.

Argued at November Term, 1876, before Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiffs, *Fred. Voorhees.*

For the defendants, *James Wilson.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The prosecutors seek to set aside a special tax of $1,700, assessed for school purposes in School District No. 112, of the county of Burlington, for the year 1875. The assessment was imposed by virtue of two certificates of the district clerk, in pursuance of Section 86 of the school law. (*Rev., p.* 789.)

Section 80 of the school law, (*Nix. Dig.* 879,) required the clerk to give ten days' notice of the time, place and object of the meeting.   Section 86 of the law as revised, directs also that notice for ten days be given of the amount of money desired to be raised, and provides that it shall not be lawful for such meeting to order a greater sum of money to be raised by district tax than shall have been mentioned and designated in the notice of the meeting.

To justify assessments of this character, the certificate must show on its face that the law has in all respects been complied with, and the particular purpose for which the money is raised must be specified in the certificate.   *State* v. *Hardcastle,* 2 *Dutcher* 143 ; *S. C.,* 3 *Dutcher* 551 ; *State, Cochrane, pros.,* v. *Garrabrant,* 3 *Vroom* 444 ; *State* v. *Greenleaf,* 5 *Vroom* 442; *State, Banghart, pros.,* v. *Sullivan,* 7 *V,oom* 90.

The first certificate of the district clerk, under which $500 of said tax was laid, is defective in omitting to state that any notice was given of the amount of money intended to be raised.

The only purpose for which the notice specifies that money is to be raised is to pay the floating debt of the district.   The

certificate shows that money was ordered for the purpose designated in the notice, and also for the further purpose of paying the incidental expenses of the school.

The notice of the second meeting and the certificate of the district clerk, are equally defective in failing to state what sum of money was proposed to be raised.

This having been a special meeting, it was also essential to the validity of the certificate to aver that the meeting was ordered by the trustees, pursuant to Subdivision 11 of Section 39. *State, Lamb, pros., v. Huff,* 9 *Vroom* 310.

Under the adjudicated cases, these proceedings cannot be sustained. The assessment must be set aside, with costs.